# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| ANTHONY COLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 12-2117-JDT-cgc |
| | ) | |
| SHELBY COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OF DISMISSAL
## ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
## AND
## ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

On February 10, 2012, Plaintiff Anthony Cole, who was at that time an inmate at the Shelby County Department of Corrections ("SCDC") in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § l983, accompanied by a motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court issued an order on February 13, 2012, that granted leave to proceed *in forma pauperis* and assessed the civil filing fee. (ECF No. 3.)

The Clerk shall record the defendants as Shelby County,[1] Correct Care Solutions, Dr. Randolf, Nurse Patricia Echols, Nurse Linda Rodgers, Nurse Mallot, Officer R. Carson, Officer Carmel Robinson, Officer Bennie Phillips, Officer Ronald Nelson, Lieutenant

---

[1]     Plaintiff named the SCDC as a Defendant.  Governmental departments, divisions, and buildings are not suable entities. Therefore, the Court construes those claims against Shelby County. See generally Hafer v. Melo, 502 U. S. 21 (1991).

Walker, Captain Lewis, Mr. Spears, Mr. Crews, Mr. Tillman, SCDC Director James E. Coleman, and Shelby County Mayor Mark H. Luttrell.

Plaintiff was previously incarcerated at the SCDC. Plaintiff alleges that, when he got up one evening to use the restroom, he slipped and fell, injuring his knee on the toilet. Plaintiff alleges that an inmate had caused several cells to flood. Plaintiff alleges that Defendant Officer Bennie Phillips was on duty and Phillips failed to alert Plaintiff to the flooding. Plaintiff alleges that Phillips verbally insulted him, accused him of faking his injury, and left Plaintiff laying in the water. Plaintiff alleges that Defendant Nelson arrived thirty minutes later and also verbally insulted him.

Plaintiff limped to the medical department where he was examined by Defendant Nurse Rodgers. Rodgers wrapped Plaintiff's knee and gave him medication. Rodgers told Plaintiff if he continued to have pain to sign up for sick call. Plaintiff returned to see Defendant Rodgers who told Plaintiff she did not have x-ray eyes. The next day Plaintiff was sent to the Regional Medical Center where he was told his kneecap was broken. Plaintiff alleges that Defendant Echols answered his grievances, stating that she reviewed his x-rays and the x-rays show no change from an old injury in 2008. Plaintiff contends that Echols is covering up his new injury.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2)      seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007), are applied. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679, 129 S. Ct. at 1950; see also Twombly, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. See Neitzke [v. Williams], 490 U.S. [319,] 325, 109 S. Ct. at 1827 [(1989)]. Any complaint that is legally frivolous

would <u>ipso</u> <u>facto</u> fail to state a claim upon which relief can be granted. <u>See</u> <u>id.</u> at 328-29, 109

S. Ct. 1827." <u>Hill</u>, 630 F.3d at 470.

>Whether a complaint is factually frivolous under §§ 1915A(b)(1) and
>1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for
>relief. Statutes allowing a complaint to be dismissed as frivolous give "judges
>not only the authority to dismiss a claim based on an indisputably meritless
>legal theory, but also the unusual power to pierce the veil of the complaint's
>factual allegations and dismiss those claims whose factual contentions are
>clearly baseless." <u>Neitzke</u>, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28
>U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge
>must accept all factual allegations as true, <u>Iqbal</u>, 129 S. Ct. at 1949-50, a judge
>does not have to accept "fantastic or delusional" factual allegations as true in
>prisoner complaints that are reviewed for frivolousness. <u>Neitzke</u>, 490 U.S. at
>327-28, 109 S. Ct. 1827.

<u>Id.</u> at 471.

>"<u>Pro</u> <u>se</u> complaints are to be held 'to less stringent standards than formal pleadings

drafted by lawyers,' and should therefore be liberally construed." <u>Williams</u>, 631 F.3d at 383

(quoting <u>Martin v. Overton</u>, 391 F.3d 710, 712 (6th Cir. 2004)). <u>Pro</u> <u>se</u> litigants and prisoners

are not exempt from the requirements of the Federal Rules of Civil Procedure. As the Sixth

Circuit has explained:

>Before the recent onslaught of <u>pro</u> <u>se</u> prisoner suits, the Supreme Court
>suggested that <u>pro</u> <u>se</u> complaints are to be held to a less stringent standard than
>formal pleadings drafted by lawyers. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 92
>S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam). Neither that Court nor other
>courts, however, have been willing to abrogate basic pleading essentials in <u>pro</u>
><u>se</u> suits. <u>See, e.g.</u>, <u>id.</u> at 521, 92 S. Ct. at 596 (holding petitioner to standards
>of <u>Conley v. Gibson</u>); <u>Merritt v. Faulkner</u>, 697 F.2d 761 (7th Cir.) (duty to be
>less stringent with <u>pro</u> <u>se</u> complaint does not require court to conjure up
>unplead allegations), <u>cert. denied</u>, 464 U.S. 986, 104 S. Ct. 434, 78 L. Ed. 2d
>3366 (1983); <u>McDonald v. Hall</u>, 610 F.2d 16 (1st Cir.1979) (same); <u>Jarrell v.</u>
><u>Tisch</u>, 656 F. Supp. 237 (D.D.C. 1987) (<u>pro</u> <u>se</u> plaintiffs should plead with
>requisite specificity so as to give defendants notice); <u>Holsey v. Collins</u>, 90

F.R.D. 122 (D. Md. 1981) (even pro se litigants must meet some minimum standards).

Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970).

Section 1983 will not support a claim based upon a theory of respondeat superior alone. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). A plaintiff must allege that a defendant official was personally involved in the unconstitutional activity of a subordinate in order to state a claim against such a defendant. Dunn v. State of Tennessee, 697 F.2d 121, 128 (6th Cir. 1982). A failure to

5

supervise, control or train an individual is not actionable "unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999). "At a minimum a plaintiff must show that the official least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." Hays v. Jefferson Co., Ky, 668 F.2d 869, 874 (6th Cir. 1982).

It is clear that Plaintiff sues Defendant Correct Care Solutions because of its supervisory capacity over the medical employees.  Plaintiff sues Mayor Luttrell and SCDC Director Coleman because of their supervisory capacities over the SCDC.  He alleges no personal involvement of those Defendants in his original injury or subsequent treatment.  All claims against Defendants Correct Care Solutions, Luttrell, and Coleman must be dismissed.

Plaintiff merely alleges that Defendant Echols reviewed his grievances about his medical treatment. Echols' role in investigating, processing, or denying Plaintiff's grievance cannot in itself constitute sufficient personal involvement to  state a claim of constitutional dimension. Simpson v. Overton, 79 Fed. Appx. 117, 2003 WL 22435653 (6th Cir. 2003); see also Martin v. Harvey, 14 Fed. Appx. 307, 2001 WL 669983, at *2 (6th Cir. 2001)("The denial of the grievance is not the same as the denial of a request to receive medical care."). Section 1983 liability may not be imposed against a defendant for "a mere failure to act" based upon information contained in the grievance.  See Shehee, 199 F.3d at 300; Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 727-28 (6th Cir. 1996).

Cole also has no claim against Echols for failing to investigate or take remedial

measures to the extent she was aware of Plaintiff's grievances or complaints. Although failure to investigate may give rise to § 1983 supervisory liability, see Walker v. Norris, 917 F.2d 1449, 1457 (6th Cir. 1990) and Marchese v. Lucas, 758 F.2d 181, 188 (6th Cir. 1985), the reasoning in Walker and the analysis in its progeny teach that evidence of the "failure to investigate" can establish municipal liability only. In Dyer v. Casey, 1995 WL 712765, at **2 (6th Cir. 1995), the Court stated that "the theory underlying [Marchese and Lucas (citations omitted)] is that the municipality's failure to investigate or discipline amounts to a 'ratification' of the officer's conduct."

In Walker, the Sixth Circuit distinguished Marchese because the Court "imposed the broad investigative responsibilities outlined in Marchese upon the Sheriff in his official capacity." Walker, 917 F.2d at 1457 ("The Sheriff is sued here in his official capacity and in that capacity, he had a duty to both know and act."). In 1998, the Sixth Circuit affirmed the dismissal of a claim of supervisory liability based on the "failure to investigate" stating:

> Young's claim against defendants McAninch and Goff is based solely on their alleged failure to investigate defendant Ward's behavior towards Young. Although Young stated that defendants McAninch and Goff had knowledge of his allegations against defendant Ward, this is insufficient to meet the standard that they either condoned, encouraged or knowingly acquiesced in the misconduct.

Young v. Ward, 1998 WL 384564 *1 (6th Cir. 1998).

Plaintiff has sued Shelby County. When a § 1983 claim is made against a municipality, the court must analyze two distinct issues: (1) whether plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for

that violation. Collins v. City of Harker Heights, Tex., 503 U.S. 115, 120 (1992). The second issue is dispositive of Plaintiff's claim against Shelby County.

A local government "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell v. Dep't. of Soc. Serv., 436 U.S. 658, 691 (1978) (emphasis in original); see also Searcy v. City of Dayton, 38 F.3d 282, 286 (6th Cir. 1994); Berry v. City of Detroit, 25 F.3d 1342, 1345 (6th Cir. 1994). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. Monell, 436 U.S. at 691-92; Deaton v. Montgomery Co., Ohio, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." Alkire v. Irving, 330 F.3d 802, 815 (6th Cir. 2003) (citing Garner v. Memphis Police Dep't, 8 F.3d 358, 364 (6th Cir. 1993)). "Where a government 'custom has not received formal approval through the body's official decisionmaking channels,' such a custom may still be the subject of a § 1983 suit." Alkire, 330 F.3d at 815 (quoting Monell, 436 U.S. at 690-91). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." Searcy, 38 F.3d at 286 (quoting Polk Co. v. Dodson, 454 U.S. at 326 (citation omitted)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited

8

to action for which the municipality is actually responsible.'" City of St. Louis v. Praprotnik, 485 U.S. 112, 138 (1988) (quoting Pembaur v. Cincinnati, 475 U.S. 469, 479-80 (1986)) (emphasis in original).

Although civil rights plaintiffs are not required to plead the facts demonstrating municipal liability with particularity, Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168-69 (1993), the complaint must be sufficient to put the municipality on notice of the plaintiff's theory of liability, see, e.g., Fowler v. Campbell, Civil Action No. 3:06CV-P610-H, 2007 WL 1035007, at *2 (W.D. Ky. Mar. 30, 2007); Yeackering v. Ankrom, No. 4:05-CV-00018-M, 2005 WL 1877964, at *2 (W.D. Ky. Aug. 5, 2005); Oliver v. City of Memphis, No. 04-2074-B, 2004 WL 3316242, at *4 (W.D. Tenn. Dec. 2, 2004); cf. Raub v. Correctional Med. Servs., Inc., No. 06-13942, 2008 WL 160611, at *2 (E.D. Mich. Jan. 15, 2008) (denying motion to dismiss where complaint contained conclusory allegations of a custom or practice); Cleary v. County of Macomb, No. 06-15505, 2007 WL 2669102, at *20 (E.D. Mich. Sept. 6, 2007) (same); Morningstar v. City of Detroit, No. 06-11073, 2007 WL 2669156, at *8 (E.D. Mich. Sept. 6, 2007) (same); Chidester v. City of Memphis, No. 02-2556 MA/A, 2006 WL 1421099, at *3 (W.D. Tenn. June 15, 2005). The allegations of the complaint fail to identify an official policy or custom which caused injury to Plaintiff. Instead, it appears that Plaintiff is suing Shelby County because he was confined in a county institution and the County employed persons who allegedly violated his rights.

The complaint contains no factual allegations against Defendants Dr. Randolf, Nurse

Mallot, R. Carson, Officer Carmel Robinson, Lieutenant Walker, Captain Lewis, Mr. Spears, Mr. Crews, and Mr. Tillman.  When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." Twombly, 550 U.S. at 570.

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. See generally Wilson v. Seiter, 501 U.S. 294 (1991). An Eighth Amendment claim consists of both objective and subjective components. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Hudson v. McMillian, 503 U.S. 1, 8 (1992); Wilson, 501 U.S. at 298; Williams v. Curtin, 633 F.3d at 383; Mingus v. Butler, 591 F.3d 474, 479-80 (6th Cir. 2010). The objective component requires that the deprivation be "sufficiently serious." Farmer, 511 U.S. at 834; Hudson, 503 U.S. at 8; Wilson, 501 U.S. at 298.

To satisfy the objective component of an Eighth Amendment claim, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm," Farmer, 511 U.S. at 834; see also Miller v. Calhoun Cnty., 408 F.3d 803, 812 (6th Cir. 2005), or that he has been deprived of the "minimal civilized measure of life's necessities," Wilson, 501 U.S. at 298 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)); see also Hadix v. Johnson, 367 F.3d 513, 525 (6th Cir. 2004).

The subjective component of an Eighth Amendment claim requires that the official act with the requisite intent, that is, that he have a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 297, 302-03.  The official's intent must rise at least to the level of deliberate indifference. Farmer, 511 U.S. at 834; Wilson, 501 U. S. at

10

302-03.

The Eighth Amendment prohibition on cruel and unusual punishment encompasses the personal safety of inmates.  See Farmer, 511 U.S. at 833, 114 S. Ct. at 1976 ("[P]rison officials have a duty [under the Eighth Amendment] to protect prisoners from violence at the hands of other prisoners" (alterations and internal quotation marks omitted)); see also id. 511 U.S. at 834, 114 S. Ct. at 1977 (listing a case from every regional circuit holding similarly, including Roland v. Johnson, 856 F.2d 764, 769 (6th Cir.1988)).

Before a prisoner can succeed against prison officials on an Eighth Amendment duty-to-protect claim under 42 U.S.C. § 1983, two requirements must be met: (1) the "deprivation alleged must be, objectively, sufficiently serious," and (2) "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Wilson, 511 U.S. at 834, 114 S. Ct. at 1977 (internal quotation marks omitted). The Supreme Court has not defined what would constitute a sufficiently serious deprivation in this context. But a "threat to the health and safety of another inmate is 'sufficiently serious' to satisfy" the objective component of this analysis. Williams v. McLemore, 247 F. App'x 1, 9-10 (6th Cir. 2007)(assuming that the objective component of the deliberate indifference standard was satisfied where there was evidence that one inmate threatened another).

To succeed against the prison officials, Plaintiff would also need to show that they acted with "deliberate indifference" to a substantial risk. "A sufficiently culpable state of mind is one in which the official knows of and disregards an excessive risk to inmate health

or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Curry v. Scott, 249 F.3d 493, 506 (6th Cir. 2001)(internal quotation marks omitted). "A prison official can be liable if he disregards that risk by failing to take reasonable measures to abate it." Id. (quoting Farmer, 511 U.S. at 847, 114 S. Ct. at 1984).

In considering the types of conditions that constitute a substantial risk of serious harm, the Court considers not only the seriousness of the potential harm and the likelihood that the harm will actually occur, but evidence that unwilling exposure to that risk violates contemporary standards of decency, *i.e.*, that society does not choose to tolerate this risk in its prisons. Helling v. McKinney, 509 U.S. 25, 36, 113 S. Ct. 2475, 2482 (1993).

Plaintiff's allegations fail to state an Eighth Amendment violation of his right to personal safety. Plaintiff fails to establish that the cell flooding created an excessive risk of harm that violated contemporary standards of decency or the Defendant Phillips, the officer on duty, was even aware that the cells had been flooded at the time Plaintiff was injured.

Plaintiff also has no claim that Defendant Officers Phillips and Nelson violated his constitutional rights by engaging in acts of verbal harassment. Allegations of verbal harassment and threats are insufficient to state a civil rights claim under § 1983. See Ivey v. Wilson, 832 F.2d 950, 954-55 (6th Cir. 1987)(holding verbal abuse does not qualify as punishment under the Eighth Amendment). Just as the Constitution "does not mandate comfortable prisons," Wilson v. Seiter, 501 U.S. at 298, 111 S. Ct. at 2324 (quoting Rhodes v. Chapman, 452 U.S. 337, 349, 101 S. Ct. 2393, 2400, 69 L. Ed.), it does not mandate polite

prison guards.

The law is clear that verbal harassment and threats do not violate the Eighth Amendment. Pasley v. Conerly, 345 F. App'x 981, 984 (6th Cir. 2009); Jones Bey v. Johnson, 248 F. App'x 675, 677-78 (6th Cir. 2007) (no Eighth Amendment claim for prison guard's "use of racial slurs and other derogatory language"); Miller v. Wertanen, 109 F. App'x 64, 65 (6th Cir. 2004) (a guard's verbal threat to sexually assault an inmate "was not punishment that violated [the prisoner's] constitutional rights"); Johnson v. Unknown Dellatifa, 357 F.3d 539, 546 (6th Cir. 2004) ("harassment and verbal abuse . . . do not constitute the type of infliction of pain that the Eighth Amendment prohibits"); Johnson v. Moore, 7 F. App'x 382, 384 (6th Cir. 2001) ("Allegations of verbal harassment and verbal abuse by prison officials toward an inmate do not constitute punishment within the meaning of the Eighth Amendment. Nor do allegations of verbal harassment rise to the level of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.")(citation omitted); Owens v. Johnson, No. 99-2094, 2000 WL 876766, at *2 (6th Cir. June 23, 2000) ("The occasional or sporadic use of racial slurs, although unprofessional and reprehensible, does not rise to a level of constitutional magnitude. The petty exchanges of insults between a prisoner and guard do not amount to constitutional torts.") (citation omitted);  Miles v. Tchrozynski, No. 2:09-CV-11192, 2009 WL 960510, at *1 (E.D. Mich. Apr. 7, 2009) ("Even verbal threats by a corrections officer to assault an inmate do not violate an inmate's Eighth Amendment rights.  Plaintiff's claims against Defendants Phillips and Nelson must be dismissed.

13

Under Estelle v. Gamble, 429 U.S. 97, 104 (1976), "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,'... proscribed by the Eighth Amendment." However, not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Estelle, 429 U.S. at 105. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." Id., 429 U.S. at 106.

Within the context of Estelle claims, the objective component requires that the medical need be sufficiently serious. Hunt v. Reynolds, 974 F.2d 734, 735 (6th Cir. 1992). "A medical need is serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)(quoting Laaman v. Helgemoe, 437 F. Supp. 269, 311 (D.N.H. 1977)).

To make out a claim of an Eighth Amendment Estelle violation, a prisoner must plead facts showing that "prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." Westlake v. Lucas, 537 F.2d 857, 860 (6th Cir. 1976). The Court clarified the meaning of deliberate indifference in Farmer v. Brennan, as the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. Id. 511 U.S. at 835-36. Consequently, allegations of medical malpractice or

14

negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. See Estelle, 429 U.S. at 106.

When a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess the medical judgments of prison officials and constitutionalize claims which sound in state tort law. Westlake, 537 F.2d at 860 n. 5. Even if Defendant Nurse Rodgers was negligent in treating and evaluating Plaintiff, that error would amount at most to nursing malpractice. "[A] complaint that a physician [or nurse] has been negligent in treating or failing to treat a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 105-06. The allegations are insufficient to establish the subjective component of an Eighth Amendment violation.

The Sixth Circuit recently held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. LaFountain v. Harry, ___ F.3d ___, ___, 2013 WL 2221569, at *5 (6th Cir. 2013); *see also* Brown v. R.I., No. 12-1403, 2013 WL 646489, at *1 (1st Cir. Feb. 22, 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. Brown, 2013 WL 646489, at *1; Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every sua sponte dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is

15

crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a sua sponte dismissal may stand."); Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002) ("*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"); Curley v. Perry, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). The deficiencies in Plaintiff's complaint cannot be cured by amendment because Plaintiff suffered no injury during his incarceration and the claims asserted are entirely lacking in merit.

Therefore, the Court DISMISSES the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A. Judgment shall be entered for all Defendants.

The Court must also consider whether Plaintiff should be allowed to appeal this decision in forma pauperis, should he seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed in forma pauperis, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any non-frivolous issue. Id. at 445-46. It

would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if Plaintiff appeals the dismissal of this case. In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, Plaintiff is instructed that, if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and 28 U.S.C. § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect, without further action by the Court, upon expiration of the time for filing a notice of appeal, the dismissal of any appeal, or the affirmation of the district court's ruling on appeal, whichever is later.

IT IS SO ORDERED.

s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

17